## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TONYA HOOPER,

     Plaintiff,

v.                                          Civ. No. 26-1849 GBW

BLATTNER ENERGY, INC.,

     Defendant.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER FOR AMENDED COMPLAINT

THIS MATTER comes before the Court on *pro se* Plaintiff's Complaint for Employment Discrimination, *doc. 1*, filed June 8, 2026 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, *doc. 2*, filed June 8, 2026 ("Application").

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,666.67; (ii) Plaintiff's income amount expected next month is $0.00; (iii) Plaintiff has no cash and no funds in bank accounts; and (iv) Plaintiff's monthly expenses total $2,300.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of this proceeding and because her monthly expenses exceed her average monthly income during the past 12 months and she expects no income next month.

**Order for Amended Complaint**

The Court has identified the following deficiencies in the Complaint and orders Plaintiff to file an amended complaint. *See Lowrey v. Sandoval Cty. Child. Youth and Fams.*

2

*Dep't,* 2023 WL 4560223, at *2 (10th Cir. 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause[.]") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, Plaintiff filed her Complaint using the form "Complaint for Employment Discrimination." The statement of factual allegations that form the basis of Plaintiff's claims appears to be truncated. *See* Complaint at 7 (allegation at bottom of page is not complete). The amended complaint must contain a complete statement of the facts giving rise to this case.

Second, the factual allegations are not numbered. The Federal Rules of Civil Procedure require Defendant to admit or deny each allegation. *See* Fed. R. Civ. P. 8(b)(1)(B) (a party responding to a complaint "must admit or deny the allegations asserted against it by an opposing party"). Plaintiff must number the allegations in the amended complaint which will allow Defendant to clearly identify to the Court which allegations it denies and which it admits. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs[.]"). The amended complaint must clearly "explain what *each* defendant did to [Plaintiff]; when [*each*] defendant did it; how [*each*] defendant's action harmed [Plaintiff]; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown*

*B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).

**Service on Defendants**

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will address service after Plaintiff files an amended complaint.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:

http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court

4

order, a defendant may move to dismiss the action[.]"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

5

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject

Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See*

Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees

or Costs, *doc. 2*, filed June 8, 2026, is **GRANTED.**

(ii)   Plaintiff shall, within 21 days of entry of this Order, file an amended

complaint.  The amended complaint must comply with the Federal and

Local Rules of Civil Procedure.  Failure to timely file an amended

complaint may result in dismissal of this case.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

6